UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO BANK, N.A., <br><br> Plaintiff, <br><br> v. <br><br> RUSSELL A ROBINSON, et al., <br><br> Defendants. | Case No. 24-cv-09335- JSC <br><br> **ORDER REMANDING ACTION TO ALAMEDA COUNTY SUPERIOR COURT** <br><br> Re: Dkt. No. 6 |

This case arises out of years of litigation following Wells Fargo's foreclosure of a home owned by Defendant Equaan Smith in which Defendant Robinson, her former attorney, owns a four percent interest. In 2020, Wells Fargo brought an action for declaratory relief, cancellation of instrument, quiet title, and slander of title in the Alameda County Superior Court. *See Wells Fargo Bank, N.A. VS Smith*, No. RG20051563. Two years later, the parties filed a stipulated dismissal following a settlement whereby judgment was entered in Wells Fargo's favor. Since this time, Defendants have removed the action to this court on four occasions, seeking to prevent the superior court from ruling on pending motions to enforce the judgment and/or convey possession of the subject property to Wells Fargo. *See* Case No. 23-3090; Case No. 23-6135; Case No. 24-3344. On each occasion, the Court has remanded the action to the superior court for lack of subject matter jurisdiction. *See* Case No. 23-3090, Dkt. No. 29; Case No. 23-6135, Dkt. No. 30; Case No. 24-3344, Dkt. No. 20.

Defendant Robinson has again removed the action following Wells Fargo's December 2024 motion seeking possession of the subject property. Robinson again invokes federal question jurisdiction arguing Wells Fargo sought to deprive Defendants of the property in violation of their

due process and equal protection rights. (Dkt. No. 2 at 2.[1]) Smith did not formerly join in the removal, but she separately opposed Wells Fargo's request to relate the action to the previously improperly removed actions. (No. 24-9335, Dkt. No. 8.) The Court granted Wells Fargo's motion to relate the actions. (No. 23-3090, Dkt. No. 9.) Because the Court previously remanded this action based on identical allegations of federal question jurisdiction (*see* No. 23-6135, Dtk. No. 1 at 3, Dkt. No. 30), and these grounds do not establish a basis for subject matter jurisdiction, this action is again REMANDED to the Alameda County Superior Court.

## DISCUSSION

"Under 28 U.S.C. § 1441, a defendant may generally remove a civil action from state court to federal district court if the district court would have had subject matter jurisdiction had the action been originally filed in that court." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1124 (9th Cir. 2013). A removing defendant bears the burden of establishing federal jurisdiction. *Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 849 (9th Cir. 2020). As courts of limited jurisdiction, federal district courts construe the removal statute strictly and reject jurisdiction if there is any doubt as to removability. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 550 (9th Cir. 2018).

Robinson's Notice of Removal invokes federal question jurisdiction. (Dkt. No. 2 at 2.) Specifically, he alleges "State Court Judgment would deprive Defendant of property in violation of the right to due process and equal protection of law" and references the Federal Debt Collection Practices Act. (*Id*. at 2-3.) District courts have original jurisdiction over cases where a "federal question" is present, which occurs if a plaintiff's original cause of action arises under federal law. 28 U.S.C. § 1331. Under the well-pleaded complaint rule, "an action 'aris[es] under' federal law 'only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Hansen v. Grp. Health Corp.*, 902 F.3d 1051, 1057 (9th Cir. 2018) (citations omitted). "In determining the existence of removal jurisdiction, based upon a federal question, the court must look to the complaint as of the time the removal petition was filed." *O'Halloran v.*

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

*Univ. of Wash.*, 856 F.2d 1375, 1379 (9th Cir. 1988) (citations omitted); *see also Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 14, (1983) ("a case may not be removed to federal court on the basis of a federal defense.").

Federal question jurisdiction does not exist here because Wells Fargo's complaint brings only state law claims for declaratory relief, cancellation of instrument, quiet title, and slander of title. To the extent Defendants seek to raise defenses based on their due process rights or the FDCPA, this does not establish federal subject matter jurisdiction as the Court has previously held. (Case No. 23-6135, Dkt. No. 30; Case No. 24-3344, Dkt. No. 20.) "Federal jurisdiction is lacking even if a defense is alleged to be based exclusively on federal law." *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987). This action thus must be remanded to the Alameda County Superior Court for lack of subject matter jurisdiction.

Further, given Defendants' abusive and successive removals of this action from the superior court as set forth in the contemporaneously filed order declaring Robinson a vexatious litigant, the Court finds Robinson's removal was objectively unreasonable. *See Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005) ("courts may award attorney's fees under [28 U.S.C.] § 1447(c) [] where the removing party lacked an objectively reasonable basis for seeking removal."). Wells Fargo is directed to file a motion for fees and costs pursuant to 28 U.S.C. § 1447(c) by February 6, 2025.

## CONCLUSION

Robinson removed this action from state court based on federal question jurisdiction. As there is no federal question presented by the removed state court complaint, the Court lacks subject matter jurisdiction and again REMANDS the case to the Alameda County Superior Court. Wells Fargo is directed to file a motion in support of its fees and costs by February 6, 2025.

**IT IS SO ORDERED.**

Dated: January 10, 2025

JACQUELINE SCOTT CORLEY
United States District Judge

3